**JUN KENG ZHANG, Petitioner,**

**v.**

**54**

**Peter D. KEISLER,[1] Respondent.**

**No. 05–1531–ag.**

United States Court of Appeals,
Second Circuit.

Nov. 1, 2007.

---

Stuart Altman, New York, NY, for Petitioner.

Katharine Clark (Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, Susan M. Knepel, Assistant United States Attorney, Milwaukee, Wisconsin, on the brief), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Jun Keng Zhang, a citizen of China, seeks review of a March 2, 2005 order of the BIA affirming immigration judge ("IJ") Barbara A. Nelson's July 31, 2003 decision denying Zhang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jun Keng Zhang,* No. A78 865 502 (B.I.A. Mar. 2, 2005), *aff'g* No. A78 865 502 (Immigr. Ct. N.Y. City July 31, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 262 (2d Cir.2007). Nevertheless, a credibility determination "based on flawed reasoning

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

... will not satisfy the substantial evidence standard." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). "[W]e retain substantial authority to vacate BIA or IJ decisions and remand for reconsideration or rehearing if the immigration court has failed to apply the law correctly or if its findings are not supported by record evidence." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 337 (2d Cir.2006).

Here, the IJ's conclusion that Zhang's testimony lacked credibility and was insufficient to meet his burden is flawed in several respects. First, the IJ improperly focused on Zhang's inability to recite specific principles of the Falun Gong movement. An IJ, however, may not base an adverse credibility finding solely on an applicant's lack of detailed doctrinal knowledge of a given religion without also considering the applicant's assertion of religious self-identification and others' perception of him as an adherent of that faith. *See Rizal v. Gonzales,* 442 F.3d 84, 86 (2d Cir.2006).

Second, the IJ found that Zhang's testimony about the document the police asked him to sign while in custody was too vague, and therefore incredible. When questioned about the document, however, Zhang answered that he did not remember its exact content, but stated several times that it asked for the names of other Falun Gong practitioners and described Falun Gong as "bad." Zhang's testimony regarding the document was not inconsistent, and it is unclear what further details the IJ wished him to provide. The IJ therefore was not reasonable in concluding that Zhang's testimony was incredible on this basis.

Third, the IJ relied on two inconsistencies to support her adverse credibility finding: (1) that Zhang told an immigration officer during his airport interview that he had come to the United States to look for a job, rather than his claimed persecution

for practicing Falun Gong; and (2) that Zhang testified that his friend Lin was a Falun Gong group leader but did not have an official title, while Lin's letter indicates that he was a teaching practitioner and a member of the Changle City Falun Gong Organization. Here, to the extent the latter observation by the IJ is actually an inconsistency—a conclusion that is itself questionable—it is so minor to Zhang's account of past persecution that the IJ had an obligation to give Zhang an opportunity to reconcile his testimony before adopting it as a basis for her adverse credibility finding. *See Ming Shi Xue v. Bd. of Immigr. Appeals,* 439 F.3d 111, 125 (2d Cir. 2006).

Zhang's purpose for fleeing China for the United States is admittedly not a "minor" element of his claim. Where discrepancies arise from an applicant's statements in an airport interview, the interview must represent a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). Here, no transcript of the airport interview is included in the administrative record. Zhang admitted in his testimony to telling the airport officer that he came to the United States to find a job. However, neither the IJ nor counsel sought to clarify, through follow up questions, whether employment was the only reason Zhang gave for coming to the United States. Although we cannot say that Zhang's testimony was *not* inconsistent on this issue, the IJ's reliance on this inconsistency as a basis for the adverse credibility finding is substantially weakened by the fact that there is no record of the airport interview and the IJ did not give Zhang an opportunity to explain or reconcile his testimony.

Finally, the IJ concluded that Zhang failed to support his testimony with corroborating evidence because she found the

documents Zhang submitted were not notarized, too general and lacked sufficient firsthand information. The IJ apparently sought "firsthand" corroboration of Zhang's detention and abuse by the police, even though Zhang testified that he was held alone, away from his friends. Nor could Zhang's uncle be expected to provide a firsthand account of Zhang's abuse, as he was not at the police station. Neither through the record as it existed nor through questioning Zhang did the IJ have any reason to conclude that corroborating evidence was reasonably available to Zhang. *See Li Zu Guan v. INS,* 453 F.3d 129, 141 (2d Cir.2006) (noting that an IJ may not base an adverse credibility finding on the absence of corroborating evidence that was not reasonably available to the applicant). Because the errors discussed above call into question the IJ's adverse credibility finding, the IJ may have had an obligation to identify the particular pieces of missing, relevant evidence and determine that this evidence was reasonably available to Zhang before relying on a lack of corroboration to find that an otherwise credible applicant has not provided sufficient evidence in support of his or her application. *See Diallo v. INS,* 232 F.3d 279, 289–90 (2d Cir.2000); *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc).

The foregoing flaws in the IJ's analysis call into question the adverse credibility determination and the insufficiency finding based on lack of corroborating evidence. We therefore find that remand would not be futile in this case, because we cannot predict with confidence whether the BIA or the IJ would reach the same result absent the errors we have identified. *See Li Zu Guan,* 453 F.3d at 141–42 ("Given the number of errors and the paucity of valid findings, we are in no position to predict with confidence what the outcome of an error-free proceeding would have been."). Because the IJ relied on Zhang's failure to prove eligibility for asylum as the basis for denying relief on Zhang's withholding and CAT claims, we remand both of those claims along with Zhang's application for asylum.

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings. The pending motion for a stay of removal in this petition is DISMISSED as moot.